IN THE DISTRICT COURT OF THE UNITED STATES

MIDDLE DISTRICT OF ALABAMA

MONTGOMERY DIVISION

RECEIVED

2008 MAR -4  A 11: 59

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

DANIEL LAFITTE DuMONDE,        *

            Plaintiff,      *

                        *

V.                            *

UNITED STATES; DEPT.OF JUSTICE    *    CASE No. 2.08-CV-151-MHT

Michael MuKasey, U.S. Attorney-   *

General;                  *

Harley Lappin, Director, Federal- *

Bureau of Prisons,          *

          Defendants.      *

_____/

## AFFIDAVIT OF UNCONTROVERTED FACTS

### -COMPLAINT SEEKING MANDATORY RELIEF OF LEGAL WRONG-

COMES THE PLAINTIFF DANIEL LAFITTE DuMONDE, and submits this Affidavit by REFERENCE OF INCORPORATION, filed together with and made part of his-Complaint Seeking Mandatory relief of -Legal Wrong".

### -AFFIDAVIT-

That I, Daniel Lafitte DuMonde, sui juris, en lagare, a man upon the land, my yes be yes, my "no" be no, do hereby swear and state affirmatively that the truths and facts made as statements herein are made on Personal Knowledge, true, certain, not misleading, and that the supporting document evidence attached hereto are true and correct copies, as received from the Respective Government agencies/Office,

-TO WIT:

(1) That on OCTOBER 23, 2003, (Sgt) V.W. TICE and LT. PAUl -LOGAN, and members of Jefferson County, Alabama Sheriff's dept., did forcibly Enter Plaintiff's Home in Bessemer, Alabama, and there Seized and claimed to "Arrest" him by use of purported Arrest Warrant Instruments containing "Issuance" No.418453, charging a "Theft" involving a Counterfeit Check.

**(PAGE ONE)**

## AFFIDAVIT OF UNCONTROVERTED FACTS

**(2)** Plaintiff was taken to Jefferson County Jail at Birmingham, Alabama. There was No Bond there set by any Judicial Appearance, but Plaintiff was held on a **$100,000** "Bond" Amount contained in the Arrest Warrant and Probable Cause Affidavit No.**418453**. (SEE ATTACHED: **EXHIBITS "A"**,(Probable Cause Affidavit, & **EXHIBIT -"B"**, "State of Alabama Arrest Warrant".)

**(3)** Given Case No.**DC-03-12747**, This State Detainee filed State Writ of Habeas Corpus, **§15-21-1**, AL. Code, contesting the Arrest as **Illegal**. The local District Attorney, David Barber, **Failed to Answer or Make any Return** to the Habeas Petition, where any Return would have Required production with return of an Original Arrest Warrant, proving arrest lawful. **Id. §§15-21-17, 15-21-18.**

**(4)** Plaintiff/State detainee Gained **Extraordinary Right** for the DIstrict Attorney's Failure to Make Return to the Writ, and then filed **EX-PARTE** Appeal of the Habeas Petition, -DIRECTLY to **The-ALABAMA COURT OF CRIMINAL APPEALS.Id.** (Appeal No. **CR-03-1126**)

**(5)** Before Any Disposition of The **Ex-Parte** Habeas Appeal was Had or reviewed by The State Appeals Court, **D.A. David Barber-Transfered Custody of this State Detainee/Habeas Corpus-Appellant** to Assistant U.S. Attorney-John Bradley Felton,who was a former State Employee, deputy-D.A. of D.A. Barber), on **April 28, 2004**, Without Any Federal Indictment or Authority, and **In Violation of State of Alabama Law** Prohibiting Any such transfer of a Habeas Corpus Petitioner, where State Law allows for "Fine and Imprisonment" for-**"ANY PERSON"** and **"WHOEVER"** transfers -or- Assists in such a transfer of State Habeas Petitioners. **Id. ALABAMA CODE §15-21-11, §15-21-31.**

**(PAGE TWO)**

## AFFIDAVIT OF UNCONTROVERTED FACTS

**(6)** A.U.S.A. John Bradley Felton/U.S. Attorney Alice H. Martin, Representing Defendant-**"UNITED STATES"** thus Assisted in transfer of this State-<u>Detainee</u> and <u>Habeas Corpus Petitioner</u> from State-Custody to Federal custody on <u>April 28,2004</u>, In **Violation of State Law** while the Ex-Parte Habeas Appeal was pending review, on premise of "Investigating" the **very same Facts** as on Appeal.

**(7)** At the Federal Courthouse, **Plaintiff/State** <u>Detainee</u> was forced in front of a Federal Grand Jury that same day of <u>April 28, 2004</u>, (Pre-Fed Indictment) and "Handwriting Samples" were there demanded for the Stated Purpose of "Investigating" the **<u>Same State of Alabama Counterfeit Check Facts</u>** as remained on **Appeal**, and where Plaintiff was made to appear there in front of the Federal Grand Jury while still wearing County Jail-"Prison Stripe" Jail Uniform-and <u>Leg-Chains</u>/Shackles.

**(8)** Afterwards on giving **(10)TEN PAGES of Handwriting Samples** on Official Secret Service Forms, this then **State-Detainee** was just casually returned the same day to County Jail and State-Custody.

**(9)**On **<u>April 30,2004</u>**, Two Days afterwards of the transfer and Appearance in front of The Federal Grand Jury in the Jail Uniform and Chains when the Handwriting Samples were given, -Plaintiff was Federally Indicted for single violation of <u>18-U.S.C. 513(a)</u>, **Making, Possesing, Uttering,** a <u>FORGED</u> and **Counterfeit Security-**(<u>Same Check Facts as remained-simultaneously on State Appeal</u>), and Federal Proceeding commenced to the same Alabama State facts in an <u>Unbroken Chain-of State to Federal Custody</u>. (<u>SEE</u> ATTACHED,-<u>EXHIBIT-"C"</u> )

(PAGE THREE)

## AFFIDAVIT OF UNCONTROVERTED FACTS

(10) Federal Arraigment and Pre-trial proceeding commenced while the same facts were on State Appeal as Illegal Arrest in the Ex-Parte Habeas writ.

ON **MAY 19,2004,** The Alabama Court of Criminal Appeals-**Dismissed** The Ex-Parte Appeal-**without Final Disposition of the Illegal State Arrest Facts**-and,-**Without Stating Any reasons.** The State Case itself, was dismissed June 8, 2004, apparently in deference to the Federal proceeding on the same facts. **(SEE** ATTACHED,-**EXHIBIT-"D",** ORDER DISMISSING STATE APPEAL)

(11). In a document dated **MAY 18,2004,** As the Federal Proceedings went forward, The United States Secret Service Questioned Documents Branch returned **Report results of the Hand-Writing Analysis of The (10)-TEN PAGES** of Handwriting taken from Plaintiff/State detainee **Pre-Fed Indictment** on April 28,2004. **ALL** Handwriting Samples given to Government's Cause were **-INCONCLUSIVE** to any government cause, **Yet,** this Plaintiff had Already been Prior Indicted **APRIL 30,2004,** for a **FORGED** and **Counterfeit Check,-(Same Check of the State Facts/Appeal),** and where the Federal Grand Jury **Apparently -NEVER SAW THESE-RESULTS.**(Apparently, as evidenced by the DATE of Analysis Report) **(SEE ATTACHED, EXHIBIT-"E",** Secret Service Handwriting Results)

(12) By the above means a Federal Indictment returned and Federal Proceedings commenced to contested **(Bad)** State Facts in an Unbroken Chain of Custody of this Person and same Facts.

(13) Plaintiff, as then **Federal Defendant** continued to demand Production of the State Arrest Warrant Documents that went unproduced to State Habeas Corpus Petition and (Dismissed)Appeal.

**(PAGE FOUR)**

## AFFIDAVIT OF UNCONTROVERTED FACTS

**(14)** On **SEPT.9, 2004**, A.U.S.A. John Bradley Felton, Representing "UNITED STATES", allowed the Jefferson County, Alabama Cops, (Sgt.) V.W. Tice and Lt. Paul Logan, who had manufactured these **FAKE** State Arrest Instruments-(**EXHIBITS-"A"** &**"B"**), without any Judicial Authority, to bring the same into the U.S. District Court in **Case No. 04-B-0176-S,**(ND AL), Birmingham, Alabama, and there the **A.U.S.A. John Felton-ENTERED THE PURPORTED LEGITIMATE STATE ARREST INSTRUMENTS-ON THE RECORD OF THAT COURT**, As Proof of lawful State Arrest and Authority for Federal **-Personal- Jurisdiction** of here Plaintiff.

(SEE ATTACHED, **RECORD PAGE-8**, AUSA Entering FAKE and FRAUDULENT- State- "PROBABLE CAUSE" AFFIDAVIT-(**Exhibit-"A"**)-On The Record)

**(15)** This Plaintiff/Federal Defendant on **SEPT.13,2004** in his- -"Bench Trial", Cross Examined Government Witness-**Bobbie Jackson**, who was the **Victim** of The State **"Theft"** Crime, and also the **ONLY-"AFFIANT"** of The purportedly Sworn **"Probable Cause"**- (Exhibit-**"A"**)-AFFIDAVIT Which Implicated this Plaintiff in the State "Theft" crime, and which purported to be the Affidavit of Probable Cause used to obtain the **State Arrest** warrant- **(Exhibit-"B")**

**(16)** Ms. Bobbie Jackson was Handed Copy of the "Exhibit"**A"** "Probable Cause" Affidavit and this then Defendant/(Pro-Se- Defense) Asked her concerning her jurat if she had appeared in front of a Magistrate or Judge to sign the Affidavit as it purports, to which **Jackson** relplied:**"Not to my Knowledge,I -Wasn't"**)-**Id.** R-PAGE-**98**, **SEPT.13,2004**, Attached)

**(PAGE FIVE)**

## AFFIDAVIT OF UNCONTROVERTED FACTS

(17) Pro-Se Defense also asked **Bobbie Jackson**, if, as her supposedly sworn Affidavit-(Exhbit-"A")-Says, this then Defendant had ever-"**Come to her House**", she replied-"<u>YOU NEVER CAME UP TO MY HOUSE</u>"-(refer to Compare this R-Page Exhibit with <u>Exhibit-"A"-</u> -Text). (SEE ATTCHED <u>EXHIBIT-R-PAGE 102</u>, SEPT.13, 2004)

(18) Gov. Witness-<u>JACKSON</u> Was <u>Asked By The Court</u>, If She-<u>HAD"ANY-PERSONAL KNOWLEDGE"</u> That this then Defendant was involved in crime against her, to which she Replied: <u>"OH, NO, UH-UH," "I JUST GOT IT ALL FROM AUTHORITIES"</u>.

<u>Id</u>.-(ATTACHED <u>EXHIBIT-R-PAGE 100</u>, Sept.13, 2004, Testimony of-<u>Bobbie Jackson</u>, Sole "Affiant" of Exhibits-<u>"A"&"B"</u>)

(19.) It was then and there Conclusively-<u>PROVED</u> That The Documents Purporting to be State of Alabama "Arrest Warrant" and "Probable Cause" Affidavit-(Exhibits "A"&"B")-were <u>Completely Lacking in Probable Cause.</u>

(20.) The U.S. DISTRICT COURT JUDGE, <u>Sharon Lovelace Blackburn</u>, Failed to Acknowledge  -Simple Language of The <u>Fourth Amendment</u>, <u>Overruled Ad Nauseum Specific Objections</u> That the -(Exhibits-"A"and "B") Documents **Did Not Contain** <u>ANY</u> PROBABLE CAUSE That this Defendant Had Been Accused of.

(SEE ATTACHED-<u>EXHIBIT-R-PAGE 7</u>, April 15, 2005, Sentencing Hearing for <u>CR-04 B-0176-S</u>, U.S. DISTRICT COURT, (ND AL.)

(21.)The Clerk of The Jefferson County, Alabama, Cicuit Court at Birmingham, AL.,-<u>Anne Marie Adams</u>, Responded by letter to this Plaintiff's request from Prison Requesting **certified** Copy of the -(<u>EXHIBITS-"A"and "B"</u>) Documents Purporting to be State Arrest-Warrant Instruments, and Confirmed that these are <u>UNRECORDED</u> in-

## AFFIDAVIT OF UNCONTROVERTED FACTS

--that Office, being the very Office the State Warrant, No. 418453, purports "Issuance".

(SEE ATTACHED-EXHIBIT-"F", Jefferson County, Alabama Circuit Court Clerk Anne Marie Adams-letter of October 31, 2005)

(22.) Plaintiff contested "Subject Matter" Jurisdiction" and when the Issue went Unaddressed on Direct Appeal to The U.S. Eleventh Circuit, Plaintiff filed certiorari to the U.S. Supreme Court, No. 06-8405, which was Never Heard by that Court. However, The U.S. Solicitor General, Paul D. Clement, Responded before certiorari was Denied-Unheard, and "WAIVED IT"S "RIGHT" TO RESPOND TO THE ISSUE OF "LACK OF SUBJECT MATTER JURISDICTION"BY THE UNITED STATES to The Above Same State Facts Above, and Failed to Prove it's Jurisdiction over these Facts, as was the UNITED STATES-DUTY. (SEE ATTACHED, EXHIBIT-"G", U.S. Solicitor General's Response to contested Issue of Lack of Subject Matter Jurisdiction.)

(23.) As SEVEN SEPERATE HABEAS CORPUS Petitions to the very same Facts above Have gone Unaddressed, thus Suspending The Writ, Plaintiff Resorted to Lawsuits. In Racketeering Influenced Corrupt Organizations Act, Case No. 07-cv-0715-JR, which Presents the Same Facts in items 1-21, Above, and attaches(Here Exhibits "A"&"B")- Documents purporting to be actual "State of Alabama" Arrest Warrant Instruments, and asserting there that this Plaintiff was in fact KIDNAPPED BY THESE FAKE Documents, Assistant State of Alabama Attorney General-J. MATT BLEDSOE, Responded in MAY,2007, after Examination of The State Exhibits, and (1) DID NOT DENY- THIS PLAINTIFF WAS KIDNAPPED BY His Agents, V.W. Tice and Lt.PAul Logan, (2) DID NOT DENY THESE DOCUMENTS ARE -FAKE,and (3)-DID NOT- PRODUCE ANY OTHER WARRANT TO JUSTIFY ARREST IN AL.CASE DC-03-12747.

(PAGE SEVEN)          (SEE EXHIBIT-"H",Attached).

# A F F I D A V I T

**(23) DEFENDANT UNITED STATES** is being sued for Money Damages in Federal Court of Claims Case No. <u>07-601-C</u>, and after very same facts in **Items-1-21** Here were previously served to Attorney for Defendant, Lauren S. Moore, and (then Acting US Atty. General)-<u>Peter Geisler</u>, **HAS NOT DENIED ANY OF THESE FACTS**.

**(24)** Plaintiff Moved For Relief of his **False Imprisonment by Preliminary Injunction** in the Court of Claims Case, and the Defendant has insisted that that Court <u>Does Not Have Jurisdiction</u> to Issue Injunctions in "Criminal-"Cases".

**(25)** These same facts are currently brought before this District Court, who clearly has Power to Issue Mandatory Injunction, and case law supports this Court's jurisdiction to Issue Same.

Plaintiff hereby swears and affirms the above is true under Penalty for Perjury, **Title Title 18, U.S.C. §1621, and 28 U.S.C §1746,**

SO SWORN, THIS <u>3</u> DAY OF MARCH, 2008,

By-

/s/ ~~Daniel L. DuMonde~~

DANIEL L. DuMONDE, AFFIANT, Pro-Se

#21609-001, MOBILE-B

F.P.C. MAXWELL A.F.B.

MONTGOMERY, ALABAMA, 36112

"it is as much the <u>duty</u> of Government to render prompt justice against <u>itself</u> in favor of citizens, as it is to administer the same between private individuals". <u>Glidden v. Zdanok</u>, 370 US 530, 8 L Ed 2d-671,<u>Id.</u> at <u>679</u>. (Emphasis Added)      (1962)

**(PAGE EIGHT)**

–APPENDIX–
AFFIDAVIT OF UNCONTROVERTED FACTS

## –APPENDIX–

**R–PAGE 98, SEPT.13, 2004, Testimony of Bobbie Jackson.**
R–PAGES: R-8,(SEPT.9,2004);R-100,102,(SEPT.13,2004)R-7,APRIL 15,2005)

EXHIBIT "A", "Probable Cause Affidavit" containing "418453"-
supposedly in "Support of FAKE State of Alabama Warrant-418453
-(EXHIBIT-"B")-Unrecorded in Clerk's Office.

EXHIBIT-"B"  "UNRECORDED" Document purporting to be State of
ALabama/Jefferson County,-"Arrest Warrant",No.418453

EXHIBIT-"C" Federal Indictment, APRIL 30,2004, charging same
State of Alabama "theft" facts as making, uttering, possessing,
a counterfeit-(check), Title 18, U.S.C. §513(a)

EXHIBIT-"D" ALABAMA COURT OF CRIMINAL APPEALS ORDER OF MAY-
-19,2004, DISMISSING THE EX-PARTE HABEAS CORPUS APPEALS-without
stating reasons, SHOWS SAME FACTS FEDERALLY INDICTED WERE ON
APPEAL AS ILLEGAL ARREST at same time Fed proceeding commenced.

EXHIBIT-"E", UNITED STATES SECRET SERVICE REPORT SHOWING ALL-
HANDWRITING SAMPLES-"INCONCLUSIVE", MAY 18,2004, SHOWS BY DATE-
THAT PLAINTIFF WAS PRIOR INDICTED FOR A FORGED AND COUNTERFEIT-
CHECK, AND GRAND JURORS NEVER SAW THIS REPORT.

EXHIBIT-"F", LETTER, FROM ANNE MARIE ADAMS, CLERK OF THE
JEFFERSON COUNTY, ALABAMA CIRCUIT COURT WHERE -EXHIBITS-"A"&-
"B"-PURPORT "Issuance", responding that same are "UNRECORDED"

EXHIBIT-"G", U.S. Solicitor General's Response in Supreme Court-
"WAIVING" RIGHT TO ANSWER ISSUE OF -LACK OF SUBJECT MATTER-
-JURISDICTION in FED. CASE No. 04-B-0176-S. Certiorari Denied
CERT. No. 06-8405, Response of Dec.22, 2006

EXHIBIT-"H", STATE OF ALABAMA RESPONSE by J. MATT BLEDSOE, Assist.
-Alabama Attorney General in R.I.C.O. CASE No. 07-0715-JR,(D.C.)
(DID NOT DENY STATE ARREST INSTRUMENTS ARE FAKE Or That Plaintiff
Was -KIDNAPPED BY ALABAMA AGENTS IN USE OF-(HERE EXHIBITS-"A"&"B")

**(PAGE NINE)**

# DEPOSITION

INTAKE NO. 8896180b

Date: _10/16/3_
Issued: _A843_
Refused: _____
Referred: _____
Bond: _100,000_
Magistrate: _SW_

Personally appeared before me **BOBBIE D. JACKSON** JUDGE
being by me first duly sworn, deposes and says:                                    (Affiant)

On __8 25 2003  1230  PM__ , at __AND 9 PM  3700 CHARLESTON LANE  BHAM AL__
          (date and time)                          (location)

the following incident occurred: _Dufresh came to my home said_
_he was Paul Moore's son. Presented me with_
_a Counterfeit cashiers checks in of change for_
_my diamond Ring - center stone 4½ K & 2 K on side_

## SUSPECT INFORMATION

Name: ___DUMONDE, DANIEL LAFITTE_____ Race __W__ Sex __M__ DOB __3 31 1952__

Aliases/Description: ___GOLDBERG, LENNY_____ HAIR __BRO__ EYES __BLU__

Hgt __5__ ft __10__ in Wgt __195__ Work: __DISABLED__

Res. Add: ___124 WASHINGTON ST_____ BESSEMER AL_____ 35020___

SS #: ___077 68 7398___ FBI # __ AL__ FPC #: _____

Prior Record? __YES__ Relation to Victim: _____

VICTIM  JACKSON, BOBBIE D          DOB 03021932 RACE W  SEX F
        3700 CHARLESTON LANE
        BHAM AL          35216    HOME  402 2446    WORK  243 0302
                (name and address)                                      NO
                                        Does victim have prior record? _____

OFFICER IN CHARGE OF CASE
TICE, V W          JCSO 03087658          BADGE #
HOME  521 1571    WORK  972 0462    OCA  003087658    ORI  AL0010000
                (name, jurisdiction, case no., phone no.)

OTHER

In custody? Yes_____ No__X__ If yes, where? _X_____          AT LARGE
Is this case a Bham Bail Warrant? Yes_____ No_____ Has case been previously discussed with DA or Magistrate?
Yes_____ No_____ If yes, with whom? _____

OFFENSE: ___THEFT 1_____

EXHIBIT - A

_____          _____
    Magistrate                x Bobbie D Jackson
                                    Affiant

Bess.

| STATE OF ALABAMA UNIFIED JUD. SYSTEM | | AFFIDAVIT / WARRANT | | CASE NUMBER | |
|---|---|---|---|---|---|
| FORM DC - 6J    7/89 | *203140?2* | | | 03 1274 7 | |
| | | | | ID   YR    NUMBER | |

IN THE DISTRICT COURT OF JEFFERSON COUNTY

THE STATE VS.   DUMONDE, DANIEL LAFITTE

AGENCY:  JEFF CTY SHERIFF
OCA:  003087658

23 C

WARRANT NO.    418453
JCID NO.    178493

**SHERIFF'S INFORMATION:**

SEX MALE    EYE BLUE    SKIN    NEAR 51  YEARS OLD
RACE WHITE    HAIR BROWN    WEIGHT ABOUT    195  LBS.    DOB ABOUT    3/31/1952
HEIGHT ABOUT    5 FEET  10 INCHES    SSN 077687398

ADDRESS:  324 WASHINGTON ST  *1829 12th Ave N*  EMPLOYER: DISABLED
BESSEMER AL    35020 *Bess 35020*

REMARKS:  AKA    GOLDBERG, LENNY    SPENCER, DANIEL
FITTER, MARSHALL    JACKSON, CURTIS

*1829 13th St N. Bess 35020*

**COMPLAINT:**

PERSONALLY APPEARED BEFORE THE UNDERSIGNED AS MAGISTRATE/JUDGE OF THE DISTRICT COURT OF JEFFERSON COUNTY, IN AND FOR SAID COUNTY   JACKSON, BOBBIE D    WHO BEING DULY SWORN, SAYS THAT
DUMONDE, DANIEL LAFITTE    WHOSE NAME IS OTHERWISE UNKNOWN TO AFFIANT, IN SAID COUNTY
DID KNOWINGLY OBTAIN OR EXERT UNAUTHORIZED CONTROL OVER, BY DECEPTION,
1 DIAMOND RING $25,050.00

COMMITTED TO JAIL
OCT 23 2003
MIKE HALE
SHERIFF

THE PROPERTY OF   BOBBIE D JACKSON
WITH THE INTENT TO DEPRIVE THE OWNER OF SAID PROPERTY, IN VIOLATION OF SECTION
13A-8-3 OF THE ALABAMA CRIMINAL CODE

AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA. SUBSCRIBED AND SWORN TO BEFORE ME THIS   16  DAY OF   OCTOBER    2003

MAGISTRATE/JUDGE OF THE DISTRICT COURT OF JEFFERSON COUNTY    AFFIANT

ANY LAWFUL OFFICER OF SAID STATE,
YOU ARE HEREBY COMMANDED TO ARREST    DUMONDE, DANIEL LAFITTE    AND BRING HIM OR HER BEFORE
THE JUDGE OF THE DISTRICT COURT OF JEFFERSON COUNTY, AT THE PRESENT TERM OF SAID COURT, TO ANSWER THE STATE OF
ALABAMA ON A CHARGE OF   THEFT OF PROPERTY FIRST DEGREE (DECEPTION OVER $2500)
PREFERRED BY   JACKSON, BOBBIE D    WITNESS MY HAND THIS   16  DAY OF   OCTOBER    2003

OFFENSE CODE    23990112

MAGISTRATE/JUDGE OF DISTRICT COURT OF JEFFERSON COUNTY

AND
THE OFFICER ARRESTING MAY ADMIT THE DEFENDANT TO BAIL UPON HIS OR HER ENTERING INTO BOND IN THE SUM OF
$100,000  DOLLARS WITH TWO GOOD SECURITIES APPROVED BY SAID OFFICER.

MAGISTRATE/JUDGE OF DISTRICT COURT OF JEFFERSON COUNTY

COMMENTS:    MAHON    /CGDK    88961806
AT LARGE; BOND JUDGE WATKINS

*EXHIBIT "B"*

NOTICE, V W    JCSO  03087658    00000

RECEIPT    EXECUTION

Received In Office: _____    Executed by Arresting the Within Named Defendant and

☐ Committed To Jail    ☐ Released on Bond Date: _____

UNITED STATES DISTRICT COURT

AHM/IBF:MAY2004

FILED

FOR THE NORTHERN DISTRICT OF ALABAMA    04 APR 30 AM II: 04

U.S. DISTRICT COURT
N.D. OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CR-04-B-0176-S |
| DANIEL LAFFITE DUMONDE | ) | |
| also known as Paul Moore | ) | |
| also known as Danny | ) | |
| Also known as Daniel Spencer | ) | |
| and | ) | |
| WADE RICHARD WALKER | ) | |

INDICTMENT

COUNT ONE:  [18 U.S.C. §§ 513(a) and 2]

The Grand Jury charges that:

On or about the 25th day of August, 2003, in Jefferson County, within the Northern

District of Alabama, the defendants,

DANIEL LAFFITE DUMONDE,
also known as Paul Moore,
also known as Danny,
also known as Daniel Spencer,
and
WADE RICHARD WALKER,

each aided and abetted by the other, with the intent to deceive Bobby Jackson, did knowingly

make, possess, utter, and did knowingly cause to be made, possessed, and uttered, a counterfeited

security, that is, an official check in the amount of $16,500, drawn on Regions Bank,

Birmingham, Alabama, an organization which operates in and affects interstate commerce, in    *

*PAGE TWO TEXT: -violation of Title 18, U.S.C. §513(a) and-
                    -2"

COMPLAINT/AFFIDAVIT-EXHIBIT-"
"C"

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

CR-03-1126

Ex parte Daniel Lafitte Dumonde   (In re: State of Alabama vs. Daniel Lafitte Dumonde)
(Jefferson  District Court: DC2003-12747).

## ORDER

Upon consideration of the above referenced Petition for Writ of Habeas Corpus, the
Court of Criminal Appeals orders that said petition be and the same is hereby DISMISSED.

Done this the 19th day of May, 2004.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Robert G. Cahill, District Judge
Hon. Anne-Marie Adams, District Clerk
Daniel Lafitte Dumonde, Pro Se
Hon. Troy King, Attorney General
Hon. M. David Barber, District Attorney

*EXHIBIT - "D"*



SHOWS BY DATE OF MAY ·19, 2004, that Federal-
-Proceedings went forward as SAME FACTS ON APPEAL



# REPORT

**United States Secret Service**
**Office of Investigations**
*Forensic Services Division*
**Questioned Document Branch**

May 18, 2004

To:    SAIC-Birmingham

Subject:    Daniel Lafitte Dumonde

Case No.:   302-813-31047-S

SA Holly

Type of Examination:    Handwriting

Reference is made to the Birmingham SSF 1544, serial number 302 2004 CE 69.

1.    EXHIBITS EXAMINED

     Q-1      One page hand printed letter beginning, "My dearest Frances..." with accompanying letter bearing the partial postmark: "BIRMI...L 352...12...V" marked "Q-1 BK" for identification.

     Q-2      Five page handwritten letter beginning, "EMERGENCY NOV 5, 03 Dear Frances..." with accompanying letter bearing the postmark, "BIRMINGHAM AL 352 PM 12 DEC 2003" marked "Q-2 BK" for identification.

     S-1      Three SSF 1607A(s), four SSF 1607D(s), and three SSF 1607(s) bearing the specimen writing of Daniel Dumonde.

2.    REQUEST

     Determine whether or not Daniel Dumonde (S-1) wrote the questioned material on Exhibits Q-1 or Q-2.

3.    RESULTS OF EXAMINATION

→      With the material available for comparison, there are indications that Daniel Dumonde (S-1) may have written Exhibits Q-1 and Q-2, <u>but the evidence is not conclusive.</u>

4.    REMARKS

     If a further comparison is desired, it may be beneficial to obtain non-request (normal course of business) specimens from the Exhibit S-1 writer.

     The submitted exhibits are being returned to the Birmingham Field Office.

*EXHIBIT - "E"*



COMPLAINT/AFFIDAVIT EXHIBIT

**ANNE-MARIE ADAMS, CLERK**
Jefferson County Circuit Court, Criminal Division
Room 901 Mel Bailey Justice Center
801 Richard Arrington, Jr., Boulevard, North
Birmingham, Al 35203

Date:    10/31/05

To:    Daniel L Dumonde

Dear Sir:

Enclosed are the documents you requested. **

These documents are not in the clerk's file:  Arrest Record, Forensic Report,
Investigative reports, officer or witness lists or statements, court reporter trial transcripts,
notice of intent to enhance as HFOA per statute, sentence colloquy, search warrants or
PSI (probation) reports.

Sincerely,

*Anne-Marie Adams*

Anne-Marie Adams, Clerk
Circuit Criminal Court, Jefferson County

** CLERK'S LETTER-HABEAS EXHIBIT-"F".
PLAINTIFF'S NOTE:   ENCLOSED WITH THIS LETTER WAS A "DOCKET SUMMA
FOR ALA CASE #DC-03-12747-SHOWING NO "ISSUANCE OR RETURN"OF ANY-
ARREST WARRNT OR COMPLAINT. Letter was sent in response to Reques
for certified copies of EXHIBITS-"A"AND "B"

"F"

IN THE SUPREME COURT OF THE UNITED STATES

DUMONDE, DANIEL LAFITTE

    Petitioner


         vs.

    No:   <u>06-8405</u>

USA

<u>WAIVER</u>

The Government hereby waives its right to file a response to the petition in this case, unless requested to do so by the Court.

_____

PAUL D. CLEMENT
Solicitor General
   <u>Counsel of Record</u>

December 22, 2006


cc:

    DANIEL LAFITTE DUMONDE
    #21609-001
    F.P.C MAXWELL A.F.B.
    MOBILE-B
    MONTGOMERY, AL 36112


<u>EXHIBIT- "G"</u>

SOLICITOR GENERAL "WAIVES" "RIGHT"

TO CONTEST ISSUE OF <u>**SUBJECT MATTER**</u>

<u>-JURISDICTION OF UNITED STATES OVER</u>

<u>**STATE OF ALABAMA FACTS**</u>

*G*

D.   The Claims Against Defendants Are Barred by the Statute of Limitations.

Although Mr. DuMonde's Complaint alleges defendants violated the RICO Act, his claims are essentially 42 U.S.C. section 1983 claims. To the extent that Mr. DuMonde's claims are advanced under § 1983, they are time barred by the statute of limitations. The statute of limitations for a section 1983 action in Alabama is two years. See Eubank v. Leslie, 2006 WL 3627005 (11th Cir. (Ala.)). Mr. DuMonde alleges in his complaint that on or about October 2002, he was kidnapped/arrested. [Court Doc. #1, p. 1.] Mr. DuMonde alleges that defendants conspired with others to kidnap him. [Court Doc. #1, p. 6.] The alleged conspiracy involving defendants, therefore, took place on or before October 2003. [Court Doc. #1, p. 1.] Mr. DuMonde filed this action on May 4, 2007, alleging that his constitutional rights were violated. More than three years have elapsed since the alleged kidnapping/arrest took place. The claim is barred by the statute of limitations.

E.   Mr. DuMonde Failed to State a Claim against Defendants Upon Which Relief Can Be Granted.

A federal court has held that a plaintiff must do more than allege conclusory facts based upon information and belief in order to support claims of conspiracy. See Fullman v. Graddick, 739 F.2d. 553, 559 (11th Cir. 1984) (holding that allegations based on "information and belief" were not enough to support claims that a prosecutor made false statements to the press and ordered and participated in a warrantless search of plaintiff's trash). The Alabama Supreme Court has found that conspiracy averments in a complaint must exceed bald speculation. Ex parte Rendel, 2006 WL 625835 (March 2, 2007). The plaintiff makes no specific allegations whatsoever in regard to defendants in this action. Mr. DuMonde's allegations regarding the defendants do not state a sufficient claim upon which relief can be granted.

MAY 10, 2007—

EXHIBIT, "G"   —STATE (AL) ATTY.GENERAL'S

10   RESPONSE TO KIDNAPPING
AND EXHBITS "A" & "B".
R.I.C.O #07-cv-0715-JR.



1  department colluded to plant certain evidence and there is

2  actually a trail that would show that, in all due respect, You

3  Honor.

4        MR. FELTON:  Could I put this on the record?  That w

5  have Mr. Dumonde's trial exhibit notebook which has all the

6  exhibits in the case, as well as the grand jury testimony of

7  the co-defendant, of Jencks material that I would provide to

8  him, as well as the trial memorandum and the deposition sheet

9  that we were finally able to acquire.

10        THE COURT:  The deposition sheet?

11        MR. FELTON:  The affidavit for his felony arrest

12 warrant.

13        THE COURT:  Right.  Right.

14        MR. FELTON:  I just wanted to make sure he has that

15 for the record.

16        Secondly, Your Honor, in response to Mr. Dumonde,

17 there is conclusory evidence that letters were sent by

18 Mr. Dumonde to Frances Watts, there is three letters that were

19 sent by him from the jail to her, and she received them, she

20 knows his handwriting.  Those letters purport to tell her what

21 she is supposed to do at the home, what she is supposed to do

22 with the keys to the house, how she is supposed to feed the

23 dog, what she is supposed to do.  She was also told that she

24 was about to be evicted and to get some material out.

25        THE COURT:  Let me stop you.  He is entitled to show

R-PAGE 8, Case No. CR-04-B-0176-S

SUPPRESSION HEARING, SEPT.9, 2004. (ND. AL).

A.U.S.A ENTERING FICTIITOUS PROBABLE CAUSE AFFIDAVIT, EXHIBIT -A"

1    statement?  I assume this was Detective Tice; is that
2    correct?
3    A.    Detective Tice was -- Sergeant Tice was the one that did
4    all of the research on it and had it for me to sign.
5    Q.    I see.  So it was pre-typed in when you signed it or --
6    A.    I don't know whether it was pre-typed in or not, because
7    that's writing, that's my handwriting.
8    Q.    Yes, ma'am.  Did you appear in front of a magistrate or
9    a judge to sign this, in front of a magistrate or a judge?
10   A.    I don't know.  I signed several papers, and I don't know
11   whether that was before one or not.  Not to my knowledge, I
12   wasn't.
13   Q.    Not to your knowledge.  It has a magistrate's signature
14   on it is the reason I asked.
15   A.    Yes.
16   Q.    There's also -- I believe that's your signature.  You
17   can tell me.
18   A.    Yes, that's my signature.
19   Q.    Yes, ma'am.  Did you appear in front of a magistrate or
20   judge and give that oath?
21   A.    Yes, I did.
22   Q.    You did.  That was on the 16th of December?
23   A.    It wasn't December.
24   Q.    Excuse me.  October 16th, 2003.
25   A.    Yeah.  That's when we went to court the first time.

TESTIMONY OF BOBBIE JACKSON, SEPT.13, 2004
CASE No. CR-04-B-0176-S, ANSWERS CONCERING JURAT OF EXHIBIT-"A"
LINES 3-12.

R-PAGE - 100                                    10

1  warrant?

2         THE COURT:  No, sir.

3         DEFENDANT DUMONDE:  I mean, swearing to something on

4  a person that you don't know.

5         THE COURT:  Did you learn at some point that there

6  was information that the defendant might be involved in this,

7  that Mr. Dumonde might be involved in this?

8         THE WITNESS:  Yes, ma'am, I did.  I learned through

9  Sergeant Logan -- through Lieutenant Logan and Sergeant Tice,

10 who had done all the research on this, and found who he was and

11 where he was and where he lived and where he was located.

12        And then I gave a description -- I drew a description

13 of the young man, but I had never seen him before until I saw

14 his picture that they had.

15        THE COURT:  All right.

16 Q.  (By Defendant Dumonde)  So you couldn't honestly

17 testify and say that I knowingly obtained anything from you?

18        MR. FELTON:  I object, Your Honor.

19        THE COURT:  Overruled.

20 A.  I don't understand what you're asking me.

21        THE COURT:  Do you have any personal knowledge of

22 your dealings that this man was involved?  That's the question.

23        THE WITNESS:  Oh, no, huh-uh.

24        THE COURT:  All right.  Go ahead.

25        THE WITNESS:  I just got it all from authorities.

TESTIMONY OF BOBBIE JACKSON, SEPT. 13, 2004

-AFFAINT OF EXHIBITS- "A"&"B" Case No.CR-04-B-0176-S
(Northern District of Alabama).

1     DEFENDANT DUMONDE:  Okay.  Thank you.

2   Q.   So, ma'am, can you truthfully say that I am the person

3   that called you at any given time?

4   A.   No, sir, I can't say that.

5   Q.   And you've never seen me before?

6   A.   Not until I saw you in jail, not until I saw you when we

7   were in court.

8   Q.   So I've never come up to your house; and, to your

9   knowledge, I've never defrauded you in anyway?

10   A.   You never came to my house.

11   Q.   But to your knowledge --

12     THE COURT:  She's answered the question.

13     DEFENDANT DUMONDE:  Okay.  Okay.  Let me see if

14   there's anything I left out.  Bear with me one minute.

15     (Brief pause)

16   Q.   Oh, yes.  The man that you have identified as coming to

17   your house, the young man, at the time he came and exchanged

18   the check for your diamond ring, what type of car was he

19   driving?  You said you had seen it, I believe.

20   A.   It was an older car.  It was dark, and I could not tell,

21   but it was an older, darker car.

22   Q.   It was an older, darker car.  And did he get in on the

23   passenger side?

24   A.   He got -- the best I could tell, he got in on the driver's

25   side.  I did not know.  I could not see.  I didn't even have

TESTIMONY OF BOBBIE JACKSON, SEPT.13, 2004,
CASE No. CR-04-B-0176-S, SOLE "AFFIANT" OF EXHIBITS-A & B.
(Compare Testimony to Text of Exhibit-"A" Affidavit)

1    can refute it, including the arresting officers.

2             THE COURT:  Let me say this:  If this is not an

3    objection to the Presentence Report --

4             THE DEFENDANT:  It is.

5             THE COURT:  No.  If this is about the search

6    warrant or anything about your arrest -- what is it then?

7             THE DEFENDANT:  It's that the deposition is not my

8    conduct for the original arrest warrant, and this has been

9    proven beyond any fact.  And no one can refute it.  It's

10   universal law that you can't have probable cause for an

11   arrest using someone else's conduct.  That's why I say it's a

12   travesty and a sham.  This started out one document, this

13   whole trial --

14             THE COURT:  Mr. Dumonde, we've talked about this at

15   length during your trial.

16             THE DEFENDANT:  Ad nauseam.

17             THE COURT:  We are not going to talk about it

18   anymore.  I've overruled that objection.

19             THE DEFENDANT:  Then you are violating your

20   judicial oath to uphold the United States Constitution.

21             THE COURT:  All right.  Your next objection

22   actually did not specifically contain any objections to the

23   guideline range.

24        I'm now going to go to the government's objection.  One

25   you, moved for a Motion For Upward Departure based on the